De Abreu v Syed Rests. Enters., Inc. (2024 NY Slip Op 05326)

De Abreu v Syed Rests. Enters., Inc.

2024 NY Slip Op 05326

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-09750
2021-05816
 (Index No. 524257/18)

[*1]Jenny Arias De Abreu, respondent,
v
Syed Restaurants Enterprises, Inc., et al., appellants.

Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Kevin G. Faley, and Robert S. Whitbeck of counsel), for appellants.
Souren A. Israelyan, New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 20, 2020, and (2) an order of the same court dated February 10, 2021. The order dated November 20, 2020, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering evidence on the issue of liability to the extent of precluding the defendants from introducing at trial any evidence, other than eyewitness testimony, about the condition of the premises or the manner in which the accident occurred, unless, by December 30, 2022, the defendants complied with the plaintiff's demand to produce certain video surveillance evidence. The order dated February 10, 2021, insofar as appealed from, upon reargument, in effect, vacated so much of the order dated November 20, 2020, as determined that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering evidence on the issue of liability, only to the extent of additionally permitting the defendants to introduce at trial certain video evidence, and otherwise adhered to the prior determination of that branch of the plaintiff's motion.
ORDERED that the appeal from the order dated November 20, 2020, is dismissed, as the portion of the order appealed from was superseded by the order dated February 10, 2021, made upon reargument; and it is further,
ORDERED that the order dated February 10, 2021, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, upon reargument, so much of the order dated November 20, 2020, as granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering evidence on the issue of liability to the extent of precluding the defendants from introducing at trial certain evidence about the condition of the premises or the manner in which the accident occurred, unless, by December 30, 2022, the defendants complied with the plaintiff's demand to produce certain video surveillance evidence is vacated, and thereupon, that branch of the plaintiff's motion is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On March 24, 2018, the plaintiff tripped and fell while ascending a staircase at the defendants' premises. The plaintiff sent letters by certified mail to the defendants requesting that they preserve 12 hours of video surveillance footage from the day of the accident. The record reflects that the defendants received at least one of those letters on April 9, 2018. By that date, however, the defendants' security camera system had automatically deleted surveillance footage from the day of the accident. The defendants had preserved approximately 52 seconds of surveillance footage, which depicted the seconds before the plaintiff's accident, the accident itself, and the plaintiff walking away.
In December 2018, the plaintiff commenced this personal injury action against the defendants. After issue was joined, the plaintiff moved, among other things, pursuant to CPLR 3126 to strike the defendants' answers on the ground of spoliation of evidence, or, in the alternative, to preclude the defendants from offering evidence on the issue of liability, or, in the alternative, for an adverse inference charge at trial. The defendants opposed the motion. In an order dated November 20, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to preclude the defendants from offering evidence on the issue of liability to the extent of precluding the defendants from introducing at trial any evidence, other than eyewitness testimony, about the condition of the premises or the manner in which the accident occurred, unless, by December 30, 2020, the defendants produced the demanded video footage.
Thereafter, the defendants moved for leave to reargue their opposition to the plaintiff's motion. By order dated February 10, 2021, the Supreme Court, among other things, upon reargument, in effect, vacated so much of the order dated November 20, 2020, as determined that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering evidence on the issue of liability, only to the extent of additionally permitting the defendants to introduce into evidence the approximately 52 seconds of surveillance footage that they had already disclosed, and otherwise adhered to its prior determination of that branch of the plaintiff's motion. The defendants appeal.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (M.B. v St. Francis Preparatory Sch., 219 AD3d 1399, 1401 [internal quotation marks omitted]; see Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (M.B. v St. Francis Preparatory Sch., 219 AD3d at 1401 [internal quotation marks omitted]; see Pegasus Aviation I, Inc., v Varig Logistica S.A., 26 NY3d 543, 547; Gregorian v New York Life Ins. Co., 211 AD3d 706, 709). "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Sanders v 210 N. 12th St., LLC, 171 AD3d at 968; see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211).
Here, upon reargument, the Supreme Court improvidently exercised its discretion by, in effect, adhering to its prior determination conditionally granting that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering evidence on the issue of liability to the extent of precluding the defendants from introducing at trial certain evidence about the condition of the premises or the manner in which the accident occurred. The plaintiff did not establish that the defendants were placed on notice that the video evidence might be needed for future litigation before the surveillance footage was automatically deleted (see M.B. v St. Francis Preparatory Sch., 219 AD3d at 1401; Tanner v Bethpage Union Free Sch. Dist., 161 AD3d at 1211). Further, the defendants' preservation of only a portion of the surveillance footage did not indicate a culpable state of mind, as the defendants' representative averred in an affidavit that, on the date of the accident, she saved a 52-second clip of the incident. The representative testified at her deposition that to locate this clip, she had entered the date and time that the alleged accident occurred, and she averred that, by the time she received the preservation letter, the surveillance [*2]footage had been automatically deleted (see Sarris v Fairway Group Plainview, LLC, 169 AD3d 734, 736). In addition, the plaintiff did not establish that the absence of the additional surveillance footage deprived her of the ability to prove her case (see M.B. v St. Francis Preparatory Sch., 219 AD3d at 1402; Sarris v Fairway Group Plainview, LLC, 169 AD3d at 736).
Thus, upon reargument, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to preclude the defendants from offering evidence on the issue of liability.
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court